Bruce H. Jackson, State Bar No. 98118
bruce.h.jackson@bakernet.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Attorneys for Defendant
NATIONAL TOBACCO COMPANY, LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TIMOTHY PARKER and XAVIER MOSLEY, p.k.a. Blackalicious,<br><br>                Plaintiffs,<br><br>       v.<br><br>NATIONAL TOBACCO COMPANY LP,<br><br>                Defendant. | Case No. C-08-01933 WHA<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT NATIONAL TOBACCO COMPANY TO DISMISS, STAY OR TRANSFER IN FAVOR OF FIRST-FILED ACTION IN NEW YORK; OR, IN THE ALTERNATIVE, TO TRANSFER FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES UNDER 28 U.S.C. § 1404(a)**<br><br>Date:    June 19, 2008<br>Time:    8:00 a.m.<br>Crtrm:   9, 19th Floor<br>Before:  The Honorable William H. Alsup<br><br>[FILED VIA E-FILING] |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

CASE NO C-08-01933 WHA
NOTICE OF MOTION AND MOTION BY DEF. NATIONAL TOBACCO TO TRANSFER/DISMISS OR STAY


**TABLE OF CONTENTS**

**Page No.**

NOTICE OF MOTION ............................................................................................................. iii

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 1

I. INTRODUCTION ............................................................................................................ 1

II. STATEMENT OF ISSUES TO BE DECIDED ............................................................. 1

III. STATEMENT OF FACTS .............................................................................................. 1

    A. ZigZagLive Tour ....................................................................................................... 1

    B. Phoenix Best Music Poll 2006 Agreement ............................................................... 2

    C. NTC's Complaint for a Declaratory Judgment ...................................................... 2

    D. Plaintiffs' California Actions ................................................................................... 3

IV. ARGUMENT .................................................................................................................... 4

    A. NTC's Suit was the "First-Filed" Action, and Involves Identical Parties and Issues ......................................................................................................................... 4

        1. A Dismissal or Stay in California is Appropriate Under the First to File Rule ... 4

        2. No Exception to the First to File Rule Applies to Prevent Dismissal of this Action ............................................................................................................. 6

    B. Alternatively, Transfer is Warranted Under 28 U.S.C. §1404(a) ......................... 8

        1. The Southern District of New York Is A Proper Court ................................. 8

        2. New York is the More Convenient Forum, and the Interests of Justice Favor Transferring this Action to New York ............................................................... 8

V. CONCLUSION ............................................................................................................... 10

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

i

CASE NO C-08-01933 WHA
NOTICE OF MOTION AND MOTION BY DEF. NATIONAL TOBACCO TO TRANSFER/DISMISS OR STAY

**TABLE OF AUTHORITIES**

**Page No(s).**

**CASES**

A.J. Industries, Inc. v. United States District Ct..,
    503 F.2d 384 (9th Cir. 1974) ............................................................................................... 8

Alltrade, Inc. v. Uniweld Products, Inc.,
    946 F.2d 622 (9th Cir. 1991) ............................................................................................ 4,6

Hoffman v. Blaski,
    363 U.S. 335 (1960) ............................................................................................................ 8

North American Cas. Ins. Co. v. Encompass Power Serv., Inc.,
    2005 U.S. Dist. LEXIS 33314 (E.D. Cal. 2005) ................................................................. 4

Pacesetter Systems, Inc. v. Medtronic, Inc.,
    678 F.2d 93 (9th Cir. 1982) ................................................................................................ 4

Palantir Technologies, Inc. v. Palantir.net, Inc.,
    2007 U.S. Dist. LEXIS 76830 (N.D. Cal. 2007) ......................................................... 4, 6, 7

Sony Computer Entertainment America, Inc. v. America Medical Response, Inc.,
    2007 U.S. Dist. LEXIS 24294, 2007 WL. 781969 (N.D. Cal. March 13, 2007) ................. 7

Toy Biz v. Centuri Corp.,
    990 F. Supp. 328 (S.D.N.Y. 1998) ..................................................................................... 9

Van Dusen v. Barrack,
    376 U.S. 612 (1964) ............................................................................................................ 9

**STATUTES**

15 U.S.C. § 1125 ........................................................................................................................... 5

28 U.S.C. § 1332 ........................................................................................................................... 8

28 U.S.C. §§ 1391(b) and (c) ....................................................................................................... 8

28 U.S.C. § 1404 ........................................................................................................................... 1

28 U.S.C. § 1404(a) ...................................................................................................................... 8

Cal. Civ. Code § 3344 ................................................................................................................... 5

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

ii

CASE NO C-08-01933 WHA
NOTICE OF MOTION AND MOTION BY DEF. NATIONAL TOBACCO TO TRANSFER/DISMISS OR STAY

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on Thursday, June 19, 2008, at 8:00 a.m., or as soon thereafter as counsel may be heard, before The Honorable William H. Alsup, in Courtroom 9 of the above-entitled Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102, Defendant National Tobacco Company LP ("NTC") will and hereby does move this Court for an order dismissing, staying or transferring the action in favor of the first-filed action in the United States District Court for the Southern District of New York, or in the alternative, transferring this action for the convenience of the parties and witnesses under 28 U.S.C. § 1404.

This motion is based on the following grounds: that the principles of comity and the preservation of judicial resources favor dismissing, staying or transferring an action where a substantially similar action was first-filed in another district court; and that the convenience of the parties and witnesses favors transferring the action to New York. This motion is based upon this notice of motion and motion, the following memorandum of points and authorities, the declarations of Marcella Ballard and Winifred Chane, and the proposed order submitted herewith, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: May 5, 2008

Respectfully submitted,

BAKER & McKENZIE LLP
BRUCE H. JACKSON

By: ____/s/____
Bruce H. Jackson
Attorneys for Defendant

NATIONAL TOBACCO COMPANY, LP

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

iii

CASE NO C-08-01933 WHA
NOTICE OF MOTION AND MOTION BY DEF. NATIONAL TOBACCO TO TRANSFER/DISMISS OR STAY

# MEMORANDUM OF POINTS AND AUTHORITIES
## I.  INTRODUCTION

Plaintiffs, who are musical artists, performed a Boston, Massachusetts concert in May 2006 sponsored by, among others, Defendant National Tobacco Company, LP ("NTC"), through its "ZigZagLive" concert series.  Almost two years later, Plaintiffs claimed that NTC had used their likenesses without permission and demanded payment from NTC in addition to any sponsorship payments Plaintiffs had already received for participating in the Boston concert.  NTC sued the Plaintiffs in this action in federal court in New York on April 4 for a declaration of non-infringement and that NTC had not improperly used Plaintiffs' names and likenesses.  A week later, notwithstanding that all issues raised in this action were already raised in the first-filed New York Action, Plaintiffs filed this action concerning the identical issues in the New York Action.  NTC respectfully requests that this Court dismiss, stay or transfer this case under the well established "first to file" rule.  Alternatively NTC requests that this Court transfer this case under 28 U.S.C. §1404 to the United States District Court for the Southern District of New York for the convenience of the parties and witnesses, and in the interest of justice and conserving judicial resources.

## II.  STATEMENT OF ISSUES TO BE DECIDED

1. Whether a dismissal, stay or transfer of this action is warranted, in light of a first-filed action in New York, concerning identical parties and nearly identical issues.

2. Whether the convenience of the parties and witnesses to this action, and the interests of justice favor transferring the action to New York, under 28 U.S.C. §1404.

## III. STATEMENT OF FACTS

**A.  ZigZagLive Tour**

NTC, through the license of its indirect parent company, is the exclusive distributor of Zig-Zag® brand cigarette paper products.  Declaration of Marcella Ballard ("Ballard Dec."), Ex. 2 Am. Compl. ¶ 14. As part of its marketing campaign, NTC sponsors and promotes concerts under its Zig-Zag® Live Club Tour series ("ZigZagLive") as well as music events organized by other parties such as radio stations or local press.  Id. ¶ 17.  NTC engaged CMJ, a music promotion and marketing

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

1

CASE NO C-08-01933 WHA
NOTICE OF MOTION AND MOTION BY DEF. NATIONAL TOBACCO TO TRANSFER/DISMISS OR STAY

agency based in New York, New York, to undertake the ZigZagLive marketing and operations related to the concert series. Chane Dec. ¶ 1. NTC, through CMJ, operates a website at the URL www.zigzaglive.com on which viewers may learn about various musical guests in the ZigZagLive tour and concert schedule, as well as musical guests performing at other NTC sponsored events. Ballard Dec., Ex. 2 Am. Compl. ¶ 18. NTC's ZigZagLive operations are run from CMJ's offices in New York City, New York. Chane Dec. ¶ 1-2.

B. **Phoenix Best Music Poll 2006 Agreement**

In 2006, NTC, as part of the ZigZagLive tour and through its agent CMJ, entered into an agreement with Phoenix Media/Communications Group, a Massachusetts corporation ("Phoenix Media") to sponsor (along with other sponsors) a music festival in Boston, Massachusetts in May 2006 called the Phoenix Best Music Poll 2006 ("Phoenix 2006"). Chane Dec. ¶ 2, and Ex. A. Phoenix 2006 was organized and publicized by Phoenix Media, which includes the Boston Phoenix newspaper and its affiliated radio stations. Chane Dec. ¶ 2. NTC's sponsorship, logo and advertisements appeared in press, on concert posters and on websites advertising Phoenix 2006, including on posters identifying Plaintiffs as performers at Phoenix 2006. Chane Dec. Ex. B. Plaintiffs performed at Phoenix 2006 in Boston, Massachusetts. At no time did Plaintiffs complain about NTC's sponsorship of the concert. Ballard Dec., Ex. 2 Am. Compl. ¶ 39. After Phoenix 2006, NTC truthfully posted information about Blackalicious on its website, along with information about other bands appearing at Phoenix 2006.

C. **NTC's Complaint for a Declaratory Judgment**

NTC was not aware that the Plaintiffs in these related actions objected to having information about them on the ZigZagLive website until March 28, 2008. Ballard Dec., Ex. 2 Am. Compl. ¶¶ 38, 39. On that date, Plaintiffs' counsel wrote a letter to NTC on behalf of Plaintiffs as well as Raymond Riley, who performs as "Boots" Riley, and Solomon David and Marlon Irving, who perform as "Lifesavas," protesting for the first time NTC's use of the Plaintiffs' names, likenesses and truthful biographical information posted on the ZigZagLive website and demanding payment in addition to sponsorship payments. Ballard Dec., Ex. 2 Am. Compl. ¶¶ 40, 41. Counsel's letter included a demand for additional payment, and stated:

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

2

CASE NO C-08-01933 WHA
NOTICE OF MOTION AND MOTION BY DEF. NATIONAL TOBACCO TO TRANSFER/DISMISS OR STAY

> Our offer will remain open until April 4, 2008. If we have not settled this matter by then, my clients will have no choice but to issue public statements decrying the unauthorized use of their names, likenesses and biographies by a tobacco company so as to mitigate any further damages to their reputation. My clients will also file suit in California and Oregon (I am licensed in both states).

Ballard Dec. ¶ 2.

The parties were unable to resolve their differences after corresponding and speaking by phone on April 4. Ballard Dec., Ex. 2 Am. Compl. ¶ 45. To NTC's knowledge, Plaintiffs have not issued any public statements decrying NTC's use of their likeness. To NTC's knowledge, neither Plaintiffs nor Blackalicious have filed suit in Oregon. In the interest of exercising its legal rights to resolve the controversy, and after settlement discussions failed to resolve the matter, NTC filed a complaint in the United States District Court for the Southern District of New York on the evening of April 4, 2008 (the "New York Action") seeking a declaratory judgment that NTC had not infringed Plaintiffs' trademarks, rights of publicity, or other common law rights. NTC sent Plaintiffs' counsel a copy of the file-stamped Complaint in the New York Action on April 7. Ballard Dec. ¶ 8. After receiving the Complaint in the New York Action, Plaintiffs' counsel responded that "instead of facing claims by 3 groups [plaintiffs and Blackalicious], your client will now likely be facing claims by 30-40 groups. *My clients have contacts with nearly every artist that appeared on the site.*" Ballard Dec., Ex. 2 Am. Compl. Ex. 4 (emphasis added). NTC took this threat seriously, as counsel now stated that his clients intended to contact the other "30-40" bands on the website and defame NTC or encourage them to bring lawsuits. NTC filed an amended complaint on April 9, 2008 to add additional New York state tort claims based on this correspondence with counsel. Ballard Dec. ¶ 9, Ex. 2.

**D.  Plaintiffs' California Actions**

On April 11, 2008, <u>a full week after NTC had filed the New York action</u>, plaintiffs' counsel filed two separate Complaints against NTC in this Court. Ballard Dec., Ex. 3, 4. The instant action identified the members of Blackalicious as plaintiffs and the other, Case No. C08-01931, listed Boots Riley and the members of Lifesavas as plaintiffs (together, the "California Actions"). In combination, the California Actions include identical parties to those in the New York action and allege identical issues, based on identical facts, to those raised in the New York action. Other than

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 9411
+1 415 576 3000

3

CASE NO C-08-01933 WHA
NOTICE OF MOTION AND MOTION BY DEF. NATIONAL TOBACCO TO TRANSFER/DISMISS OR STAY

the Plaintiffs' residence in California,[1] Plaintiffs have not alleged any event relating to the dispute that occurred in California.

## IV.    ARGUMENT

### A.    NTC's Suit was the "First-Filed" Action, and Involves Identical Parties and Issues.

There is a well-recognized rule of federal comity that provides a district court the discretion to dismiss, stay or transfer an action when a complaint involving the same parties and issues has already been filed in another district. Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982), Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991). This "first to file" rule is intended to promote judicial efficiency, the conservation of judicial resources and the comprehensive disposition of litigation and is not meant to be "disregarded lightly." 678 F.2d at 95.

#### 1.    A Dismissal or Stay in California is Appropriate Under the First to File Rule.

Courts in the Ninth Circuit analyze three factors in determining whether to apply the "first-filed" rule: (1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues." Palantir Technologies, Inc. v. Palantir.net, Inc., 2007 U.S. Dist. LEXIS 76830, *1 (N.D. Cal. 2007) (finding that a defendant's threat to take legal action in the event an amicable resolution could not be reached was not a sufficiently "imminent" lawsuit to prevent application of the first-to-file rule and denying defendant's motion to dismiss the first-filed case); see also Alltrade, 946 F.2d at 625. Where the parties and issues are identical or similar, courts favor dismissing or staying the later-filed action.

All three factors in this case favor dismissing or staying the later-filed California Actions. NTC filed a Complaint in the Southern District of New York on April 4, 2008. NTC amended its complaint on April 9, 2008 to address additional New York tort claims caused by Plaintiffs' counsel's correspondence related to the filing of the lawsuit. Ballard Dec. ¶ 9, Ex. 2 Am. Compl. Ex. 4. On April 11, 2008, a week after NTC's complaint was filed, Plaintiffs filed this action against NTC. Ballard Dec. ¶ 10, Ex. 3. On the same day, in this same Court, Plaintiffs' counsel filed

---

[1] However, one of the plaintiffs in the related California action, Marlon Irving, resides in Portland, Oregon.

4

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 9411
+1 415 576 3000

CASE NO C-08-01933 WHA
NOTICE OF MOTION AND MOTION BY DEF. NATIONAL TOBACCO TO TRANSFER/DISMISS OR STAY

another action based on the same dispute against NTC on behalf of Boots Riley and the members of the group Lifesavas. Ballard Dec. Ex. 4.

The parties to the New York Action and the California Actions are identical. The New York Action involves NTC as plaintiff and the members of Blackalicious (Timothy Parker and Xavier Mosley), the members of Lifesavas (Solomon David and Marlon Irving), and Raymond Riley (p.k.a. Boots Riley) as defendants. Ballard Dec., Ex. 2. Two of the five defendants in the New York Action are the plaintiffs in this action against defendant NTC, the plaintiff in the New York Action. Ballard Dec., Ex. 3. The remaining three defendants in the New York Action filed another case in this Court on the same date this case was filed, through the same counsel, and likewise named NTC as the sole defendant. Ballard Dec. Ex. 2, Am. Compl. ¶¶ 1-4, Ex. 3, 4.

The New York Action contains essentially all of the issues presented in the California Actions. Factually, the New York Action and the California Actions all turn on NTC's sponsorship of Plaintiffs' musical performances, and the posting of truthful biographical information related to those performances on the ZigZagLive website. See Ballard Dec., Ex. 2 Am. Compl. ¶¶ 17-19, 30-40 and Ex. 4; Ballard Dec., Ex. 4 [Boots Complaint] ¶¶ 9, 11-14; Ballard Dec., Ex. 3 [Blackalicious Complaint] ¶¶ 7, 9-10. The New York Action and the California Actions address trademark infringement allegations arising under 15 U.S.C. §1125 based on those same disputed facts. Ballard Dec., Ex. 2 Am. Compl. ¶¶ 54-58; Ballard Dec., Ex. 4 [Boots Complaint] ¶¶ 19-23; Ballard Dec., Ex. 3 [Blackalicious Complaint] ¶¶ 13-17 Both Actions also address misappropriation claims made under Cal. Civ. Code §3344, again arising out of the same factual issues. Ballard Dec., Ex. 2 Am. Compl. ¶¶ 54-58; Ballard Dec., Ex. 4 [Boots Complaint] ¶¶ 24-32; Ballard Dec., Ex. 3 [Blackalicious Complaint] ¶¶ 18-26 Plaintiffs' unfair business practices claim under Cal. Bus. & Prof. Code §17200, the only legal theory not specifically addressed in the New York Action, alleges no facts other than those already identified, and in fact is derivative of the legal claims also contained in the New York Action: "National Tobacco's violation of federal law (15 U.S.C. § 1125, state law (Cal. Civ. Code § 3344) and common law, as alleged above in this Complaint, constitute unlawful business practices." Ballard Dec., Ex. 3 [Blackalicious Complaint] ¶ 29; see also Ballard

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 9411
+1 415 576 3000

5

CASE NO C-08-01933 WHA
NOTICE OF MOTION AND MOTION BY DEF. NATIONAL TOBACCO TO TRANSFER/DISMISS OR STAY

Dec., Ex. 4 [Boots Complaint] ¶ 35. The California Actions, including this action, thus address identical issues to those raised in the first-filed New York Action.

### 2. No Exception to the First to File Rule Applies to Prevent Dismissal of this Action.

While the first filed rule should not be "lightly disregarded", a court may choose not to apply the first-filed rule where a suit was brought in bad faith, where the suit was brought as an "anticipatory suit," or where the party was "forum shopping." Alltrade, 946 F.2d at 628. None of these exceptions applies to NTC's earlier filed New York Action.

NTC's suit was not brought in bad faith. Bad faith "implies the conscious doing of a wrong because of dishonest purpose or moral obliquity." North American Cas. Ins. Co. v. Encompass Power Serv., Inc., 2005 U.S. Dist. LEXIS 33314, *16 (E.D. Cal. 2005)(court failed to find first-filed suit undertaken in bad faith, when suit was not anticipatory and there were reasonable justifications for litigation strategy in first suit). There were reasonable justifications for NTC's litigation strategy of filing first in New York, and the New York Action was not filed in bad faith. NTC filed in the location with the most substantial connection to the events at issue, including close proximity to the venues of the concert events at issue, and the offices of the agents and marketing organizations dealing with the parties.

Forum shopping has been found where the forum chosen for suit "bears only a slight connection to the action." Toy Biz v. Centuri Corp., 990 F. Supp. 328, 332 (S.D.N.Y. 1998)(court found no indication of forum shopping when party brought suit in jurisdiction of their principal place of business, and subject matter of litigation involved sales of goods in that jurisdiction). For the reasons described above, NTC's choice to file a complaint in New York is not, and cannot be regarded as, forum shopping.

Finally, NTC's New York Action cannot be characterized as an "anticipatory suit" because there was nothing more than an imprecise communication that a complaint may be filed prior to its filing. To be considered an "anticipatory suit" there first must be "specific, concrete indications that a suit […] was imminent." Palantir Technologies, 2007 U.S. Dist. LEXIS 76830 at *2. Those "specific" and "concrete" indications mean more than mere communications about possible filings.

6

CASE NO C-08-01933 WHA
NOTICE OF MOTION AND MOTION BY DEF. NATIONAL TOBACCO TO TRANSFER/DISMISS OR STAY

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Communications indicating that a complaint "may be filed" by a certain date do not meet the "imminence" requirement. Id. at *4. Palantir Technologies refused to find an exception to the first-filed rule where Palantir.net threatened to take legal action if an amicable settlement was not reached, but did not specify a date certain for filing, nor did it transmit to its adversary a complaint it proposed to file. Id. at *2-3, *4. The facts of this case are entirely apposite to those in Palantir Technologies. Counsel for Plaintiffs threatened to take legal action if NTC refused to pay Plaintiffs, but did not attach a draft complaint, nor did he specify a date certain by which the supposed complaint was to be filed. Ballard Dec. ¶ 4. The threat of legal action made in Palantir Technologies, therefore, was nothing more than a negotiating tactic, and was not found to be sufficiently "imminent" to warrant disregarding the first-to-file rule.

Palantir Technologies followed Sony Computer Entm't America, Inc. v. America Medical Response, Inc., 2007 U.S. Dist. LEXIS 24294, 2007 WL 781969 (N.D. Cal. March 13, 2007) in refusing to disregard the first-to-file rule. Palantir Technologies described the situation in Sony, as follows:

> After rejecting the plaintiff's first settlement proposal, the defendant invited the plaintiff to make another offer. At the same time, the defendant provided the plaintiff with a draft complaint and threatened to file an infringement action by a specific date if the plaintiff did not cease using its mark or offer a much-improved settlement offer. Exactly one business day after the deadline passed, the plaintiff filed its declaratory judgment action in the Northern District of California.

Palantir Technologies, 2007 U.S. Dist. LEXIS 76830 at *3 (citations omitted). Sony itself stated that "because Defendant's deadline in the April letter passed with no action by Defendant, Plaintiff could not be certain whether Defendant's threat of suit in the October letter was idle, real, or a negotiating tactic." Id. at *7-8.

Palantir Technologies and Sony dictate the result in this case. Here, Plaintiffs' counsel provided no firm deadline by which Plaintiffs would file suit; to the contrary, he stated concerning his settlement proposal that "[o]ur offer will remain open until April 4, 2008. If we have not settled this matter by then, my clients will have no choice but to issue public statements . . . ." Ballard Dec. ¶ 4. No date was set for the threatened suits to be filed "in California and Oregon." Id. Plaintiffs' subsequent failure to file suit for a full week after April 4 belies the notion that the April 4 date for

7

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 9411
+1 415 576 3000

CASE NO C-08-01933 WHA
NOTICE OF MOTION AND MOTION BY DEF. NATIONAL TOBACCO TO TRANSFER/DISMISS OR STAY

holding the settlement offer open was intended to be a clear deadline for filing suit. Plaintiffs' vacillation regarding the venue for their suits – no suit has been filed in Oregon – further underscores that the threatened suit was, at that time, only a negotiating tactic, and that Plaintiffs filed this suit – thousands of miles from the concert appearances in question –merely to gain some tactical advantage in the litigation.

### B.   Alternatively, Transfer is Warranted Under 28 U.S.C. §1404(a).

A district court is permitted to transfer an action to another district for the "convenience of parties, witnesses and in the interest of justice." 28 U.S.C. §1404(a). The transferee court must be a district where the action "might have been brought," and should meet the following criteria: (1) have proper subject matter jurisdiction over the action; (2) be the proper venue; and (3) defendant would be subject to personal jurisdiction in that district. Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960).

#### 1.   The Southern District of New York Is A Proper Court

In the present action, all the necessary criteria for granting a transfer are met. The Southern District of New York, NTC's desired transferee court, is a court where the action "might have been brought" under the meaning of §1404(a). The Southern District of New York possesses proper subject matter jurisdiction over Plaintiffs' complaint, as the complaint raises a federal question under the Lanham Act (15 U.S.C. §1125) and there is diversity between the parties pursuant to 28 U.S.C. §1332. Furthermore, venue in the Southern District of New York is proper under 28 U.S.C. §§1391(b) and (c) since many of the transactions in question occurred in New York. Finally, NTC is subject to personal jurisdiction in New York because of its numerous business contacts to the state, its commercial presence there and its promotional and marketing efforts in New York.

#### 2.   New York is the More Convenient Forum, and the Interests of Justice Favor Transferring this Action to New York.

The convenience of a particular forum for witnesses favors transferring venue to the more convenient forum. See, A.J. Industries, Inc. v. United States Dist. Ct.., 503 F.2d 384, 389 (9th Cir. 1974). Here, New York presents the more convenient forum for a number of reasons. The operations of ZigZagLive are based in New York. Additionally, New York is clearly the venue that is more convenient to the witnesses and parties, considering that the offices of the various third

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  9411
+1 415 576 3000

8

CASE NO C-08-01933 WHA
NOTICE OF MOTION AND MOTION BY DEF. NATIONAL TOBACCO TO TRANSFER/DISMISS OR STAY

parties likely to be called as witnesses, including, but not limited to, CMJ and Phoenix Media, are all located in New York or elsewhere on the East Coast.

Transferring the action to New York would also serve the interests of justice, by promoting judicial economy and allowing efficient adjudication of the dispute between the parties. See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). NTC filed an action raising substantially similar claims in the Southern District of New York, prior to this suit. The claims raised in both jurisdictions involve identical parties, arise out of the same transactions between the parties, and involve nearly identical issues. Rather than allowing two district courts to adjudicate the same dispute, transferring this Action to the Southern District of New York would allow one district court to oversee substantially related proceedings, and promote an efficient use of the judicial resources that would be expended in discovery and other pre-trial proceedings.

Finally, because a related case in the Northern District involving the same parties and substantially similar issues to the present case is likely to be transferred to New York, judicial economy and the interests of justice favor transferring this action to the same forum. In addition to the pending case in the Southern District of New York, there is a related case, Riley v. National Tobacco Company LP, C-08-01931 JSW, filed April 11, 2008, currently pending in the Northern District of California. Ballard Dec., Ex. 4. Riley involves the same defendant, NTC, and the same claims raised by Plaintiffs in this case. The Actions each arise from the same transactions and occurrences connected to NTC's sponsorship of Plaintiffs' performances on tour, and subsequent posting of accurate and truthful information on the ZigZagLive website. Accordingly, NTC has submitted an administrative motion to relate the two cases, before the judge in the earlier-filed action. See NTC's Administrative Motion to Consider Whether Cases Should be Related.

NTC has also submitted a motion to dismiss, transfer or stay the Riley action, on the basis of the first-filed New York Action, improper venue pursuant to an enforceable forum selection clause, and the convenience of the parties and witnesses. In the event that the Riley matter is transferred, the interests of justice would favor transferring this matter to New York as well. Riley and the present matter involve identical defendants and nearly identical issues arising from the same or similar events and transactions. Discovery, pre-trial and trial proceedings will necessarily involve

9

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 9411
+1 415 576 3000

CASE NO C-08-01933 WHA
NOTICE OF MOTION AND MOTION BY DEF. NATIONAL TOBACCO TO TRANSFER/DISMISS OR STAY

many of the same parties and witnesses. Consequently, if the <u>Riley</u> action is transferred, it would be more efficient and would conserve judicial resources to allow this matter to be transferred as well, to permit coordinated oversight by one district court and to prevent needlessly duplicative proceedings.

## V.  **CONCLUSION**

For the foregoing reasons, NTC respectfully requests that the Court grant their motion to dismiss, stay or transfer the present action in favor of the first-filed case in the Southern District of New York; or in the alternative, grant a transfer of the action for the convenience of the parties and witnesses.

Dated:  May 5, 2008

BAKER & McKENZIE LLP
BRUCE H. JACKSON

By: _____/s/_____
Bruce H. Jackson
Attorneys for Defendant
NATIONAL TOBACCO COMPANY, LP

SFODMS/6547643.4

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

10

CASE NO C-08-01933 WHA
NOTICE OF MOTION AND MOTION BY DEF. NATIONAL TOBACCO TO TRANSFER/DISMISS OR STAY