Bruce H. Jackson, State Bar No. 98118
bruce.h.jackson@bakernet.com
Irene V. Gutierrez, State Bar No. 252927
irene.v.gutierrez@bakernet.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone: +1 415 576 3000
Facsimile:  +1 415 576 3099

Marcella Ballard, Admitted *Pro Hac Vice*
marcella.ballard@bakernet.com
**BAKER & MCKENZIE LLP**
1114 Avenue of the Americas
New York, NY  10036
Telephone: +1 212 626 4100
Facsimile:  +1 212 310 1600

Attorneys for Defendant
NATIONAL TOBACCO COMPANY, LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TIMOTHY PARKER and XAVIER MOSLEY, p.k.a. Blackalicious,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL TOBACCO COMPANY LP,<br><br>Defendant. | Case No.  C-08-01933 JSW<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, STAY OR TRANSFER BY DEFENDANT NATIONAL TOBACCO COMPANY**<br><br>Date:         June 20, 2008<br>Time:         9:00 a.m.<br>Courtroom:  2, 17th Floor<br>Before: The Honorable Jeffrey S. White<br><br>**[FILED VIA E-FILING]** |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

SFODMS/6549903.2

Case No C-08-01933 JSW
REPLY MEMO ISO DEF'S MOTION TO DISMISS, STAY OR TRANSFER

## I. INTRODUCTION

Plaintiffs are unable to dispute key facts dictating the outcome of NTC's motion. NTC's action in the Southern District of New York was the first-filed action concerning the subject matter of this case. (McNamer Dec. ¶¶ 5, 6). NTC's first-filed action encompasses substantively all of the matters at issue in this case. (Ballard Dec. Ex. 2, 4). NTC's first-filed action enhances judicial efficiency by consolidating the issues raised in Plaintiffs' claims with those of the other musicians alleging the same matters against NTC that Plaintiffs' counsel filed on the same day. (Ballard Dec. ¶¶ 9-10, Ex. 2-4).

The events giving rise to this case have extensive connections with New York and Boston, and no relevant connection to California. The actions by NTC that Plaintiffs allege are improper – posting accurate and publicly available biographical information about Plaintiffs on NTC's ZigZagLive website – was done by NTC's New York agent CMJ from its New York headquarters. (Chane Dec. ¶¶ 1-2). The posting related to a concert event NTC sponsored through a contract between NTC's New York agent CMJ and Phoenix Media, a Massachusetts corporation operating radio stations and a newspaper in Boston and surrounding areas. (Chane Dec. ¶¶ 2-3, Ex. A). The posted material was obtained from Phoenix Media in Massachusetts, and sent to CMJ in New York. (Chane Reply Dec. ¶¶ 2-4). Plaintiffs understood that the likenesses and bios were approved by the artists or their agents. (Chane Reply Dec. ¶¶ 4). NTC's sponsorship of Plaintiffs and others was publicized in Boston, Massachusetts and surrounding areas. (Chane Dec. Ex. A, B). The NTC-sponsored event at which Plaintiffs performed was in Boston, Massachusetts. (Chane Dec. ¶¶ 2-3 and Ex. B). Plaintiffs travel to New York for business. (Parker Dec. ¶ 8; Mosley Dec. ¶ 8). Plaintiffs allege that they are harmed "throughout the United States" by NTC's posting. (Parker Dec. ¶ 10; Mosley Dec. ¶ 10). Plaintiffs' lawyer is located in Portland, Oregon and will have to travel to either California or New York to represent Plaintiffs.

In a misguided effort to tailor the exceptions to the first-to-file rule to their arguments, Plaintiffs have misrepresented two keys facts; <u>i.e.</u>, that the New York Action was filed before counsel for NTC spoke to Plaintiffs' counsel (it was not); and that NTC's counsel "secretly" filed the Action while still operating under the "pretense" of negotiating a settlement (they did not). (See

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6549903.2

1

Case No C-08-01933 JSW
REPLY MEMO ISO DEF'S MOTION TO DISMISS, STAY OR TRANSFER

Reply Declaration of Marcella Ballard dated June 6, 2008 ("Ballard Reply Dec."))[1]. Moreover, counsel for Plaintiffs' initial letter set forth the Plaintiffs' complaints about the ZigZagLive website together, and as part of a joint effort to resolve the entire dispute.

Moreover, as set forth in the related action to this one, <u>Raymond Riley, Solomon David and Marlon Irving, pka Lifesavas v. National Tobacco Company</u>, Case No. C-08-01931, the related case is governed by a binding forum selection clause mandating a New York venue. In addition, the New York Action combines all the issues from this case, the related case and NTC's New York tort claims in a single case, to be resolved in front of a single judge. Efficiency and judicial economy, as well as strong federal policy in favor of forum selection clauses dictate that this case (along with the related case) should be dismissed or transferred to the New York venue.

Plaintiffs' Opposition fails to present any facts justifying departure from the first-to-file rule. It fails to undercut the fact that essentially all of the acts or omissions giving rise to their claims occurred in New York, Boston or surrounding areas. It fails to present any facts that provide a meaningful link between the events giving rise to Plaintiffs' claims and this district. In short, the first-to-file rule, the substantial connection with the events giving rise to the claims at issue in this case, and judicial efficiency all dictate that this action should be dismissed or transferred to the Southern District of New York. For these reasons, and as we set forth below, NTC's motion should be granted.[2]

## II.   ARGUMENT

### A.   The First to File Rule Applies

Plaintiffs do not dispute that the action filed by NTC in the Southern District of New York was the first filed. They do not challenge NTC's assertion that the parties are identical. They do not

---

[1] Plaintiffs also misrepresent that: 1) NTC has offices in California – it does not; 2) the only relation to New York is NTC's counsel – NTC's papers show that the ZigZagLive marketing at issue are run from New York by NTC's New York agent and all the CMJ witnesses reside in New York; 3) the original letter was sent from "California" – though it contains only the Portland, Oregon address of Plaintiffs' counsel..

[2] Although Plaintiffs purport to submit sworn declarations, the declarations do not comport with 28 U.S.C. 1746, and merely set forth items to the best of the declarant's "belief." Plaintiffs' failure to properly attest to the declarations and other objections to the declarations are the subject of a separate objection and motion to strike.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6549903.2

2

Case No C-08-01933 JSW
REPLY MEMO ISO DEF'S MOTION TO DISMISS, STAY OR TRANSFER

1  argue that the issues are dissimilar. These are the factors a court in the Ninth Circuit must consider
2  in determining whether to apply the first filed rule. See Palantir Technologies, Inc. v. Palantir.net,
3  Inc., No. 07 Civ. 3863, 2007 U.S. Dist. LEXIS 76830, at *1 (N.D. Cal. Oct. 2, 2007). Instead,
4  Plaintiffs argue that an exception must apply. However, as shown in NTC's moving papers as well
5  as below, Plaintiffs have failed to carry their burden to demonstrate that an exception applies.

6  **1.  NTC's New York Filing Was Neither in Bad Faith or Anticipatory**

7  While it is true that bad faith or anticipatory filings may merit an exception to the first filed
8  rule, see Z-Line Designs, Inc. v. Bell'O International LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003),
9  Plaintiffs can only characterize NTC's actions as in bad faith or anticipatory by twisting the facts of
10 the matter. To that end, the brief submitted by Plaintiffs is factually inaccurate – NTC did not file
11 the New York complaint prior to talking to Plaintiffs' counsel. (Ballard Reply Dec. at ¶¶ 9-10).
12 NTC neither filed suit secretly, nor maintained the pretense of negotiation. (Id. at ¶¶ 6-12). In
13 rejecting Plaintiffs' legal allegations by letter, NTC clearly stated "We disagree with your
14 contentions in all respects." (See Id. Ex. 2).

15 Before filing, NTC explicitly rejected Plaintiff's demand for over $400,000 by letter and by
16 telephone, stating, "your calculation of damages . . . bears no relationship whatsoever to either [of
17 Plaintiffs' claims]. "We thus cannot offer to pay the amounts you have demanded in your March 28
18 letter." (Id.). While counsel for NTC offered to "discuss" the situation with counsel for Plaintiffs, it
19 was made quite clear that the discussion would not be over a settlement amount, but about the
20 "fundamental misunderstanding" counsel had concerning the facts of the matter. (Id. Ex. 2 ). Indeed,
21 in the telephone discussion between counsel, occurring hours after NTC's counsel sent Plaintiffs'
22 counsel the letter described above, NTC's counsel reiterated NTC's position that the Plaintiffs'
23 claims against NTC had no merit, and that NTC would not be offering Plaintiffs a monetary
24 settlement. (Id. ¶ 9).

25 In response, Plaintiffs' counsel would not budge from his earlier stated position, despite
26 clarification of the facts by NTC's counsel, and even attempted to pressure NTC's counsel into
27 settling by mentioning a $2.5 million judgment won by musician Tom Waits in a factually inapposite
28 right-of-publicity matter. (Id. ¶¶ 9, 11) Indeed, at this point, NTC had already removed the

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6549903.2

3

Case No C-08-01933 JSW
REPLY MEMO ISO DEF'S MOTION TO DISMISS, STAY OR TRANSFER

1  allegedly infringing materials from the ZigZagLive.com website as a courtesy to Plaintiffs, and
2  notified Plaintiffs that it had done so.  Only once it was clear that Plaintiffs expected sums of money
3  which would never be acceptable to NTC did NTC file the complaint in New York, seeking to have
4  its rights in reference to the ZigZagLive.com website clarified by a court. (Id.).

5  NTC "clearly had the right both to reject [Plaintiffs'] offer to discuss settlement and to take
6  an aggressive stance by immediately filing a declaratory judgment action upon receiving the cease
7  and desist letter," just as the plaintiff in Royal Queentex did.  Royal Queentex Enters. Inc. v. Sara
8  Lee Corp., No. 99 Civ. 4787, 2000 U.S. Dist. LEXIS 10139, at *13 (N.D. Cal. Mar. 1, 2000).  NTC
9  did not mislead Plaintiffs or use improper tactics in order to file first.  See id.  NTC did not imply
10 that it was considering the merits of Plaintiff's claims – it rejected their claims and their demands
11 outright.  See id. at *14.  The instant case is therefore distinguishable from those cited by Plaintiffs,
12 including Z-Line Designs, 218 F.R.D. at 666, where Z-Line mislead the defendant into thinking that
13 the parties would explore settlement by accepting an extended deadline, but then filed suit a day
14 prior to that deadline.  Id.

15 Nor is the instant case like Xoxide, Inc. v. Ford Motor Co., 448 F. Supp. 2d 1188 (C.D. Cal.
16 2006), also cited by Plaintiffs.  In Xoxide, the plaintiff in the first filed motion essentially "parked" a
17 filing date and venue by filing a declaratory judgment, while purporting to "consider" the defendants
18 claims against them for some time after the filing date.  Id. at 1191, 1194.  Plaintiff additionally
19 made no effort to serve the defendant for over three weeks after that point, and only served after
20 telling the defendant that plaintiff had commenced an action as "insurance" that the case would
21 proceed in "the forum of [its] choosing." Id. at 1192, 1194.  Under those specific circumstances, the
22 court found that the plaintiff's suit was anticipatory and an attempt at forum shopping –
23 circumstances which are easily distinguished from the ones at hand.  NTC did not continue
24 settlement discussions after unequivocally rejecting Plaintiffs' demand.  NTC also did not sit on its
25 filed complaint, but instead immediately forwarded it to Plaintiffs' counsel upon receiving a file-
26 stamped copy from the court.  Any delays in service were due solely to Plaintiffs' counsel's refusal
27 to accept service on their behalf. (Ballard Reply Dec. ¶¶ 21, 22).
28

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

SFODMS/6549903.2

4

Case No C-08-01933 JSW
REPLY MEMO ISO DEF'S MOTION TO DISMISS, STAY OR TRANSFER

Finally, Plaintiffs allege no facts that would support a finding of bad faith. As stated in NTC's moving papers, bad faith "implies the conscious doing of a wrong because of dishonest purpose or moral obliquity." North Am. Cas. Ins. Co. v. Encompass Power Serv., Inc., No. 05 Civ. 1587, 2005 U.S. Dist. LEXIS 33314, at *16 (E.D. Cal. Dec. 16, 2005). NTC was entirely upfront and honest with its intentions throughout this entire dispute. It engaged in no secretive or deceptive practices towards Plaintiffs and their counsel.

### 2.  NTC Did Not Engage in Forum Shopping

NTC's choice to file suit is not an example of forum shopping, which occurs only where "the first filed suit bears a slight connection to the forum in which it was filed as opposed to a stronger connection in the second forum." Am. Guarantee & Liability Ins. Co. v. U.S. Fidelity & Guarantee Co., No. 06 Civ. 1254, 2006 U.S. Dist. LEXIS 88627, at *10 (W.D. Wash. Dec. 4, 2006). As established above, NTC's chosen forum of New York bears a much stronger connection to the action, than does the Northern District of California. Jamba Juice Co. v. Jamba Group, Inc., No. 01 Civ. 4846, 2002 U.S. Dist LEXIS 9459 (N.D. Cal. May 15, 2002), establishes that plaintiffs' allegations that they feel harmed within this district provide no basis for venue; instead, it is the actions of the allegedly infringing defendant that are dispositive under 28 U.S.C. 1391(b)(2), and those allegedly harmful actions must be something more than having a generally accessible website. Id. at *4-8. Further, as Dex Prods. v. Houghteling, No. 05 Civ. 5126, 2006 U.S. Dist. LEXIS 45237 at *22-23 & n.6 (N.D. Cal. June 23, 2006) makes clear, venue under 1391(b)(2) depends upon the location of the actions of the allegedly infringing party, whether the allegedly infringing party is a defendant or a plaintiff in a declaratory judgment action. Id. at *22-23 & n.6. As established in the declaration of Winifred Chane, NTC's actions took place in New York, Boston and surrounding areas.

Plaintiffs have failed to allege, much less demonstrate, any action by NTC in this district, and venue is proper under § 1391(b)(2) only outside this district. Because NTC runs its website from New York and the events and related publicity occurred on the East coast, venue for NTC is proper only in New York, where its agent runs its website, or in Massachusetts, where Plaintiffs performed

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6549903.2

5

Case No C-08-01933 JSW
REPLY MEMO ISO DEF'S MOTION TO DISMISS, STAY OR TRANSFER

at an NTC-sponsored event.  NTC's suit was certainly not the result of forum shopping.[3]  On the other hand, California, the second filed forum, lacks all factual contacts to the action.  Plaintiffs have not pointed to any evidence within California that is relevant to the action.  Accordingly, Plaintiffs have failed to meet their burden to establish the forum shopping exception.

### 3.  NTC's New York Filing is an Appropriate Use of the Declaratory Judgment Act

Plaintiffs argue that when declaratory relief action is triggered by a cease and desist letter, the recipient should allow the sender of the letter to file first.  However, the recipient should not have to wait, with the specter of possible litigation floating over its head, for the sender to get around to filing when the recipient understands that there is a legal dispute which it feels should be resolved by a court.  See Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 272 (C.D. Cal. 1998) ("[A] declaratory action is an appropriate vehicle to 'alleviate the necessity of waiting indefinitely for a patent owner to file an infringement action.").  There is no bright line rule that holds that an infringement action should proceed instead of a declaratory judgment action.  See e.g. Royal Queentex Enters., 2000 U.S. Dist. LEXIS 10139, at *11 (applying first filed rule in trademark case where plaintiff sought a declaratory judgment).[4]

Plaintiffs' initial letter to NTC may have stated that they "will" file suit if NTC did not agree to pay over $400,000 by a date certain, but they did not state *when* they would file suit.  See Palantir Technologies, 2007 U.S. Dist. LEXIS 76830, at *2-3, 4.  This statement was sufficient to notify NTC that there was an actual case and controversy between Plaintiffs and itself, but did not contain specific, concrete indications that suit itself was imminent.  See Royal Queentex, 2000 U.S. Dist. LEXIS 10139, at *16-17.  Obviously Plaintiffs had no concrete intention of filing suit in California and Oregon as of April 4, since it took them a week to get a case on file after NTC filed suit. NTC's choice of forum in New York should therefore be accorded proper deference.

---

[3] In light of the forum selection clause governing the related matter, Riley v. N.T.C., New York likely represents the only forum available to adjudicate all related claims against NTC.

[4] NTC believes it is entitled to a prompt declaratory judgment that its posting of material concerning Plaintiffs was authorized under its sponsorship of Phoenix 2006 or is protected as newsworthy or public affairs information. Cal. Civ. Code §3334(d); Dora v. Frontline Video, 15 Cal. App. 4th 536 (1993); Finger v Omni Publications Int'l, Ltd., 77 N.Y.2d 138 (N.Y. 1990).

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

SFODMS/6549903.2

6

Case No C-08-01933 JSW
REPLY MEMO ISO DEF'S MOTION TO DISMISS, STAY OR TRANSFER

**B.      The Circumstances Merit Transfer under 28 U.S.C. § 1404(a)**

The Southern District of New York has complete personal jurisdiction over the Plaintiffs, and subject matter jurisdiction over the claims. See Wiley v. Trendwest Resorts, Inc., 2005 U.S. Dist. LEXIS 38893, at *7 (N.D. Cal. Aug. 10, 2005). Further, venue is proper there. Id. For the purposes of venue, "a claim arises 'in any district in which a substantial part of the act, events, or omissions occurred that gave rise to the claim for relief." District No. 1, Pacific Coast District, M.E.B.A. v. Alaska, 682 F.2d 797, 799 (9th Cir. 1982). Contrary to Plaintiffs' assertions, NTC does not base its claims that venue is proper based on the fact that the website can be viewed from New York, nor solely on Plaintiffs' admitted concert appearances in New York. Since the "operative facts" of this case occurred in and around New York – the facts surrounding the posting of the material on the ZigZagLive website and the performance in question – NTC's choice of forum is the better one. Compare Steelcase, Inc. v. Haworth, Inc., No. 06 Civ. 1964, 1996 U.S. Dist. LEXIS 20674 at *6 (C.D. Cal. May 15, 1996) (supporting transfer away from forum of original selection when operative facts did *not* occur there). In fact, as set forth above, NTC's choice of forum may have been the only one available to adjudicate the claims at issue. See Jamba Juice, 2002 U.S. Dist LEXIS 9459 at *4-8.

"The convenience of the witnesses is often the most important factor considered by the court when deciding a motion to transfer for convenience." Steelcase, Inc., 1996 U.S. Dist. LEXIS 20674 at *8.[5] Essentially all of NTC's witnesses live and work in New York, and these witnesses will testify as to the issues in the case. Winifred Chane and Bobby Haber at NTC's New York agent CMJ will testify as to the arrangements for the sponsorship and the contents and display dates of the ZigZagLive website. Phoenix Media employees familiar with the sponsorship arrangements and publicity are in the Boston area. In contrast, Plaintiffs have not meet their "burden of 'demonstrating an inconvenience to witnesses" in opposing NTC's motion. Best Western Int'l v. Patel, No. 07 Civ. 807, 2008 U.S. Dist. LEXIS 19797, at *20 (D. Ariz. Mar. 3, 2008). Plaintiffs claim that their

---

[5] Under § 1404(a), a court considers: (1) convenience of witnesses; (2) judicial economy; (3) relative ease of access to proof; (4) availability of compulsory process and (5) relative docket congestion. Steelcase, Inc. v. Haworth, Inc., No. 96 Civ. 1964, 1996 U.S. Dist. LEXIS 20674 at *5 (C.D. Cal. May 15, 1996).

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6549903.2

7

Case No C-08-01933 JSW
REPLY MEMO ISO DEF'S MOTION TO DISMISS, STAY OR TRANSFER

manager is based in California and would therefore be inconvenienced, however, they detail absolutely no areas of relevant facts on which he is qualified to testify. Plaintiffs have not identified anyone else who they contend has knowledge of information relevant to this dispute who resides in California. By Plaintiffs' admission, they tour around the United States, including New York, and therefore would not be significantly more inconvenienced in being sued in New York than in California.

NTC has also established that granting the instant motion to transfer venue would serve the interests of justice. Wiley, 2005 U.S. Dist. LEXIS 38893 at *9. Specifically, transfer would allow the courts to avoid multiplicity of litigation stemming from a single set of occurrences. Id. at *10. Because Plaintiffs and their associates in the related matter (*i.e,* Boots Riley and Lifesavas) have chosen to file two separate suits here in California, the less convenient forum, judicial economy would favor having these related disputes resolved in one case by one judge, as is the case in New York. See id. ("The feasibility of consolidation is also a significant factor in a transfer decision"); see also Cardiovascular Imaging Systems v. Boston Sci. Corp., No. 93 Civ. 20902, 1994 U.S. Dist. LEXIS 6722, at *8 (N.D. Cal. April 26, 1994) (agreeing that "it would be a waste of judicial resources for two courts to try different cases between the same parties where the subject matter of both cases is closely related").

### III.   CONCLUSION

For the foregoing reasons, NTC respectfully requests that the Court grant its motion.

Dated:  June 6, 2008                    Respectfully submitted,

**BAKER & McKENZIE LLP**
BRUCE H. JACKSON
IRENE V. GUTIERREZ

**BAKER & McKENZIE LLP**
MARCELLA BALLARD


By:  /s/
     Marcella Ballard
     Attorneys for Defendant
     NATIONAL TOBACCO COMPANY, LP

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

SFODMS/6549903.2

8

Case No C-08-01933 JSW
REPLY MEMO ISO DEF'S MOTION TO DISMISS, STAY OR TRANSFER